**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ROBERT TRIEBE, | : | CIVIL ACTION NO. 15-1974 (MLC) |
| | : | |
| Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
| v. | : | |
| | : | |
| STATE OF NEW JERSEY, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**THE PLAINTIFF** — Robert Triebe — moves to remand this action, arguing that it was untimely removed.  (See dkt. 9.)  The defendants State of New Jersey and New Jersey Department of Transportation ("NJDOT") separately move for the same relief.  (See dkt. 11.)  This Court will: (1) grant the motion and the separate motion; and (2) remand this action.

**TRIEBE** brought this action in state court in May 2013 to recover damages for personal injuries ("Injuries") suffered in a motorcycle accident ("Accident") against, among other defendants: the State of New Jersey; NJDOT; and County of Somerset.  (See dkt. 1-2.)  See http://njcourts.judiciary.state.nj.us (New Jersey Superior Court, Somerset County, No. L-1112-13).

**UNILEVER UNITED STATES, INC.** ("UUSI") is the sponsor of the UNICare Benefits of Choice Program, which paid Accident-related medical benefits on Triebe's behalf.  (See dkt. 1 at 2.)  UUSI announced in 2014 that it intended to exercise its "direct

right of recovery against the participant" — i.e., Triebe — concerning the benefits it paid if Triebe successfully recovered damages for his Injuries.  (Dkt. 15 at 9.)

THE STATE COURT, in an order dated February 6, 2015 ("Joinder Order"): (1) granted Triebe's motion to compel the joinder of UUSI; and (2) ordered UUSI "to plead [its] claims in this matter for medical benefits paid arising out of the [A]ccident".  (See dkt. 1-1 at 1–2.)  Triebe had moved to compel UUSI's joinder under New Jersey Court Rule 4:31 — which states those with claims against a "plaintiff may be joined as defendants and required to interplead when their claims are such that the plaintiff is or may be exposed to double or multiple liability" — because he was concerned that "the State of New Jersey [would] oppose the introduction of the claimed lien as an element of plaintiff's damages at the time of trial."  (Dkt. 11-10 at 8.)[1]  This Court notes that this action had been actively litigated in state court for almost two years when the Joinder Order was issued.  See http://njcourts.judiciary.state.nj.us (New Jersey Superior Court, Somerset County, No. L-1112-13).

UUSI alone removed this action under 28 U.S.C. § 1331 ("Section 1331") on March 17, 2015, arguing that: (1) UUSI was served with the Joinder Order on February 18, 2015; and (2) this action was controlled by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a) and (e), because UUSI's rights were now at issue.  (See dkt. 1 at 1–3.)  UUSI then filed a document in this Court entitled "Interpleader

_____

[1]  Whether this type of interpleader sought under New Jersey law could qualify as being an interpleader under 28 U.S.C. § 1335 or Federal Rule of Civil Procedure 22 is unclear.

Complaint" concerning its claims, wherein UUSI listed itself as the plaintiff and named Triebe as the sole defendant.  (See dkt. 7.)

**TRIEBE** timely moved on April 6, 2015, and the State of New Jersey and NJDOT separately and timely moved on April 16, 2015, to remand this action for untimely removal.  (See dkt. 9; dkt. 11.)  See 28 U.S.C. § 1447(c).  This Court will decide the motion and the separate motion without conducting oral argument.  See L.Civ.R. 78.1(b).

**IN RESPONSE** to the arguments concerning untimely removal, UUSI states that after receiving the motion and separate motion to remand:

> [UUSI] has been able to confirm that the [Joinder] Order was, in fact, received on February 12, 2015, not February 18, 2015 as stated in its notice of removal. . . . [UUSI] cannot dispute that it received a copy of the [Joinder] Order on February 12[, 2015].  Consequently, its notice of removal was filed beyond the required 30-day period.

(Dkt. 15 at 5–6.)

**UUSI** concedes that it failed to timely remove this action within thirty days of receiving the Joinder Order.  See 28 U.S.C. § 1446(b)(3) (requiring removal "within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable").  Thus, this Court will grant the motion and separate motion to remand.

**A REVIEW** of the state-court docket for this action also reveals that several other orders have been issued.  If this action were to remain in federal court, then this Court

might violate the <u>Rooker</u>-<u>Feldman</u> doctrine if called upon to engage in a review that could effectively reverse the decisions, directly or indirectly invalidate the determinations, or void the rulings previously issued by state court.  <u>See</u> <u>D.C. Court of Appeals v. Feldman</u>, 460 U.S. 462, 482 (1983); <u>Rooker v. Fid. Trust Co.</u>, 263 U.S. 413, 414–16 (1923). Therefore, the proper disposition of this action at this juncture is indeed a remand.  <u>See</u> <u>State Farm Indem. v. Fornaro</u>, 227 F.Supp.2d 229, 241–42 (D.N.J. 2002) (remanding action under <u>Rooker</u>-<u>Feldman</u>); <u>see also</u> <u>GRP Loan v. Vaneck</u>, No. 08-375, 2008 WL 2902607, at *1 (D. Conn. July 24, 2008) (same); <u>Mortg. Elec. Registration Sys. v. Cromwell</u>, No. 05-140, 2005 WL 2234041, at *1 (N.D. Fla. Sept. 13, 2005) (same).[2]

**UUSI** — upon remand — may be able to appeal from the Joinder Order to the New Jersey Appellate Division if UUSI feels that the state court has ordered joinder in error.  <u>See, e.g.</u>, <u>Breese v. Morris Distributing Co.</u>, 144 A.D.2d 962, 962 (N.Y. App. Div., 4th Dep't 1988) (dismissing ERISA claims that were within exclusive jurisdiction of federal courts upon appellate review).

**UUSI** also may be able to assert its claims that are arguably controlled by ERISA against Triebe in federal court under a new and separate civil action number — pursuant

---

[2]  The State of New Jersey, NJDOT, and County of Somerset also did not consent to removal; indeed, the State of New Jersey and NJDOT move for remand.  UUSI was joined to this action under New Jersey law as a <u>defendant</u>, and thus has arguably violated the rule of unanimity in removing this action on its own without the consent of the other defendants.  <u>See</u> 28 U.S.C. § 1446(b)(2)(A) (stating "all defendants who have been properly joined and served must join in or consent to the removal of the action"); <u>Balazik v. Cnty. of Dauphin</u>, 44 F.3d 209, 213–14 (3d Cir. 1995) (stating rule of unanimity applies to action removed under Section 1331).  But UUSI appears to perceive itself as a <u>plaintiff</u>, as shown by its "Interpleader Complaint".  (<u>See</u> dkt. 7.)

to the requirements of the relevant federal statutes and rules — as opposed to doing so under this civil action number coinciding with this removed action.  See Walker v. Rose, 22 F.Supp.2d 343, 345–47 (D.N.J. 1998) (stating ERISA plan properly brought federal-court action concerning its rights against insured who was receiving medical benefits related to an accident, where insured had brought separate state-court action to recover damages for personal injuries suffered in accident against third-party tortfeasor); see also Admin. Comm. v. Alexander, No. 99-6943, 2001 WL 32874, at *1–5 (N.D. Ill. Jan. 12, 2001) (same).  "There is nothing necessarily inappropriate . . . about filing a protective action."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 294 n.9 (2005) (concerning party that "pursu[ed] its federal suit as an 'insurance policy' against an adverse result in state court").

       **FOR GOOD CAUSE APPEARING**, this Court will issue an appropriate order and judgment.

        s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  June 26, 2015